ORDERED.

Dated:  April 09, 2019

*Michael G. Williamson*
Michael G. Williamson
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

SRQ TAXI MANAGEMENT, LLC,

Debtor.
_____/

Case No. 8:17-bk-07782-MGW

Chapter 11

**ORDER FINALLY APPROVING DISCLOSURE STATEMENT AND CONFIRMING
AMENDED PLAN OF REORGANIZATION OF SRQ TAXI MANAGEMENT, LLC**
**(Doc. No. 89, 93, 108, 119, 120, 123, 130, 133, 138, 145, 146, 148, 159, 161, 162, 172 and 174)**

THIS CASE came before the Court for hearing on December 12, 2018 at 10:00 a.m., January 8, 2019 at 10:30 a.m., January 15, 2019 at 1:30 p.m., January 18, 2019 at 1:30 p.m. and for status conference on February 27, 2019 at 9:30 a.m. (collectively, the "**Confirmation Hearing**") to consider **(a)** final approval of the *Disclosure Statement in Connection with Plan of Reorganization of SRQ Taxi Management, LLC* (Doc. No. 108) (the "**Disclosure Statement**") filed by SRQ Taxi Management, LLC (the "**Debtor**"); **(b)** confirmation of the *Amended Plan of Reorganization of Debtor* (Doc. No. 138) (the "**Amended Plan**")[1] filed by the Debtor; **(c)** the objections to confirmation filed by **(i)** Mills Paskert Divers ("**MPD**") (Doc. No. 130) (the "**MPD Objection**"), **(ii)** Sarasota Manatee Airport Authority ("**SMAA**") (the "**SMAA Objection**") (Doc. No. 133) along with the Debtor's *Response to SMAA Objection* (Doc. No. 146) and **(iii)**

---

[1] All capitalized terms not specifically defined herein shall have the same meaning ascribed to them in the Amended Plan.

Diplomat Airport Transportation, Inc. ("**Diplomat**") (Doc. No. 159) (the "**Diplomat Objection**"); **(d)** *Motion for Relief From Stay* (Doc. No. 89) ("**SMAA Motion for Relief**") filed by SMAA along with the Debtor's *Response in Opposition to SMAA Motion for Relief* (Doc. No. 93); **(e)** *SMAA's Amended Motion for Allowance of Administrative Concession Claim* (together, "**SMAA Administrative Expense Motions**") (Doc. 119 and 120) filed by SMAA along with the Debtor's *Omnibus Objection to (1) SMAA Administrative Expense Motions and (2) Claim Nos. 27 and 33* (Doc. No. 123); **(f)** *Debtor's Amended Motion to Allow Late Filed Ballots* (Doc. No. 148) ("**Ballot Motion**") filed by the Debtor; **(g)** *Debtor's Motion for Cramdown* (Doc. No. 145) (the "**Cramdown Motion**") filed by the Debtor; **(h)** *Debtor's Amended Omnibus Objection to Claims Filed by Diplomat* (Doc. No. 161) ("**Objection to Diplomat Claim**") filed by the Debtor along with Diplomat's *Response to Objection to Diplomat Claim* (Doc. No. 172); and, **(i)** *Debtor's Motion to Estimate Claims Filed by Diplomat* (Doc. No. 162) ("**Motion to Estimate**") filed by the Debtor along with the Debtor's *Declaration of Bart A. Houston in Support of Debtor's Motion to Estimate* (Doc. No. 174) ("**Diplomat Declaration**"). Appearances were made as reflected on the record.

After considering the **(a)** Disclosure Statement; **(b)** *Certificate of Service* (Doc. No. 115) (the "**Solicitation Package**"); **(c)** Amended Plan; **(d)** *Declaration of Cullan F. Meathe in Support of Confirmation of Chapter 11 Plan* (Doc. No. 139) (the "**Meathe Declaration**"); **(e)** *Declaration of Bart A. Houston in Support of Confirmation of Chapter 11 Plan* (Doc. No. 140) (the "**Houston Declaration**"); **(f)** *Second Amended Ballot Tabulation* (Doc. No. 147) as modified on the record at the Confirmation Hearing (the "**Ballot Tabulation**"); **(g)** Ballot Motion; **(h)** arguments and proffers of counsel made at the Confirmation Hearing, **(i)** the modifications announced on the records; and, **(j)** the entire record in this chapter 11 case, and for

the reasons stated orally and recorded in open court that shall constitute the conclusions of law, findings of fact and rulings as if specifically incorporated by the Court, the Court concludes and finds that the Amended Plan has been proposed in good faith and meets all of the requirements for confirmation under Section 1126 and 1129 of the Bankruptcy Code, is fair and equitable, and does not discriminate unfairly with respect to each class of claims or interests, the Disclosure Statement contains adequate information as contemplated under Section 1125 of the Bankruptcy Code and should be finally approved pursuant to the following findings of fact and conclusions of law.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.** The Court has jurisdiction over this chapter 11 case under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2). Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

**B.** The Solicitation Package containing the *Plan of Reorganization of Debtor* (Doc. No. 107) (the "**Plan**"); Disclosure Statement; *Order Conditionally Approving Disclosure Statement, Fixing Time to File Objections to Disclosure Statement, Fixing Time to File Applications for Administrative Expenses, Setting Hearing on Confirmation of the Plan, and Setting Deadlines with Respect to Confirmation Hearing* (Doc. No. 110) (the "**Disclosure Statement Order**"); and a ballot for accepting or rejecting the Plan was served on all creditors and parties-in-interest. The Court finds that **(a)** timely and proper notice of the Confirmation Hearing, the time fixed for filing objections to confirmation, and the time for submitting ballots on the Amended Plan were provided to all creditors and all parties in interest, **(b)** such notice was adequate and sufficient to notify all creditors and all parties in interest of the Confirmation Hearing and the objection and voting deadlines as to the Amended Plan, **(c)** such notice complied

in all respects with the procedural orders of this Court, the Bankruptcy Code, the Bankruptcy Rules and otherwise satisfied due process, and **(d)** the modifications in the Amended Plan or announced in open court do not require additional disclosure under Section 1125 of the Bankruptcy Code nor re-solicitation of votes under Section 1126 of the Bankruptcy Code.

    **C.**    The Debtor and its attorneys have solicited votes to accept or reject the Amended Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Disclosure Statement Order, and are, therefore, entitled to the protections afforded by Section 1125(e) of the Bankruptcy Code.

    **D.**    The Ballot Tabulation as filed on December 12, 2018 reflects Classes 1, 2, 5 and 7 are unimpaired and therefore deemed to have accepted the Amended Plan; and, Classes 3 and 4 are impaired but affirmatively voted for the Amended Plan.  As reflected by the subsequent record Class 6 is impaired and has now affirmatively voted for the Amended Plan and Class 8 is unimpaired and therefore deemed to have accepted the Amended Plan.  Therefore, the Ballot Tabulation reflects the acceptance in both number and dollar amount of votes with respect to each impaired Class that voted on the Plan.

    **E.**    The Amended Plan satisfies all of the requirements of Section 1129 of the Bankruptcy Code.  The Court specifically finds that **(a)** the Amended Plan rationally and properly classifies the claims, clearly delineates between impaired and unimpaired classes and similarly treats claims within a particular class to comply with Section 1129(a)(1);  **(b)** the Debtor has complied with applicable provisions of the Bankruptcy Code as a debtor in possession, employment, property and monthly operating reports under Section 1129(a)(2); **(c)** the Amended Plan was proposed in good faith as referenced under Section 1129(a)(3); **(d)** the Debtor has properly disclosed all payments made or to be made to its professionals under Section

1129(a)(4); **(e)** the Debtor has properly disclosed the identities and affiliations of the individuals proposed to serve in the Debtor's management after confirmation of the Amended Plan under Section 1129(a)(5); **(f)** the Amended Plan does not contemplate any rate change with respect to any rate surcharge that is subject to the jurisdiction of any regulatory commissions under Section 1129(a)(6); **(g)** the Amended Plan is in the best interest of creditors as determined in part by the liquidation analysis attached to the Disclosure Statement referenced under Section 1129(a)(7); **(h)** as discussed above, all classes have accepted the Amended Plan or are unimpaired under Section 1129(a)(8); **(i)** the Amended Plan complies with the requirements under Section 1129(a)(9) including the requirements of 1129(a)(9)(A) with respect to claims of the kind specified in Section 507(a)(2) in that all such claims have been paid or will be paid on the Effective Date or the holder of such claim has otherwise agreed to different treatment, including the allowed administrative expense of the Jennis Law Firm ("Jennis Law"), as allowed and authorized for payment pursuant to this Court's *Order Approving Jennis Law Firm's Final Application and Supplement for Compensation and Reimbursement of Expenses as Counsel for Debtor* (Doc. No. 179), of which Jennis Law has been paid $65,000.00, the remainder of $23,110.32 shall be paid to Jennis Law within 60 days of the Effective Date; **(j)** at least one class of impaired claims has accepted the Amended Plan determined without including any acceptance of the Amended Plan by any insider under Section 1129(a)(10); **(k)** the Amended Plan is feasible as referenced under Section 1129(a)(11); **(l)** all fees assessed and payable under 28 U.S.C. § 1930 have been paid or will be paid upon the Effective Date under Section 1129(a)(12); **(m)** there are no retiree benefits to be paid after the Effective Date under Section 1129(a)(13); **(n)** the Debtor is not required to pay any domestic support obligations and therefore is compliant with Section 1129(a)(14); **(o)** the Debtor is not an individual and therefore is compliant with Section

1129(a)(15); **(p)** the Amended Plan does not contemplate the transfer of any property and therefore is compliant with Section 1129(a)(16); **(q)** that the Amended Plan does not violate the absolute priority rule of Section 1129(b) because of the new value exception; and, **(r)** the Amended Plan is the only plan being confirmed by this Court under Section 1129(c).

F.   The principal purpose of the Amended Plan is not for the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, and there has been no objection filed by any governmental unit asserting such avoidance. Accordingly, the Amended Plan complies with Section 1129(d) of the Bankruptcy Code.

G.   In open court at the Confirmation Hearing or through the submission of this Order, counsel for the Debtor announced the following modifications that shall, through this order be incorporated into the Amended Plan:

1.   The Debtor added Class 8 constituting an administrative convenience class of any Allowed Unsecured Claim that is in an amount of $1,000.00 or less, estimated to be $1,000.00, who are unimpaired and whose Claims are to be paid in full on the Effective Date.

2.   Trinity Trust Holdings, LLC ("**Trinity**") will increase the amount of its proposed capital infusion from $96,000.00 to $124,000.00 or such other amount to otherwise pay all administrative expense and disbursements on other claims to be made on the Effective Date.

3.   The allowed administrative expense of Jennis Law in the amount of $88,110.32 (the "**Jennis Law Claim**") as provided in this Court's *Order Approving Jennis Law Firm's Final Application and Supplement for Compensation and Reimbursement of Expenses as Counsel for Debtor* (Doc. No. 179) shall be paid pursuant to the agreement between the Debtor, Jennis Law, and Trinity, whereby Jennis Law has been paid $65,000.00 on account of the Jennis

Law Claim prior to the Effective Date with the remainder of the Jennis Law Claim to be paid on or before 60 days from the Effective Date.

**H.** Furthermore, at the Confirmation Hearing the *Purchase and Sale Agreement* (the "**PSA**") between Diplomat and Trinity was introduced into the record. Pursuant to the PSA, Trinity agrees to purchase the unsecured claims and equity interest of Diplomat for the aggregate amount of $30,000.00 (the "**Settlement**"). At the Confirmation Hearing counsel for the Debtor and Diplomat announced that all conditions precedent to the Settlement have been fulfilled; and, thereupon Diplomat withdrew its objections to confirmation and rejecting ballot in open court. The Court finds that no further disclosure is necessary; and, that the PSA will have no material effect on any of the other creditors. Lastly, the Court evaluated the Settlement in light of the compromise factors depicted in *In re Justice Oaks IL Ltd.*, 898 F.2d 1544 (11th Cir. 1990), cert denied 498 U.S. 959 (1990) and finds that the time, expense and other resources that would be allocated to the continued prosecution of the contested matters and the expenses associated with litigated the contested matter outweigh any potential benefit to the Debtor's estate.

**I.** Where appropriate, a finding of fact shall be considered a conclusion of law and a conclusion of law shall be considered a finding of fact; all of which shall be incorporated into this Order's ruling.

**ACCORDINGLY, BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, AND ON THE FULL RECORD OF THE BANKRUPTCY CASE, THE COURT HEREBY CONCLUDES, DECREES, FINDS AND ORDERS AS FOLLOWS:**

1. <u>**Final Approval of Disclosure Statement**</u>. The Disclosure Statement complies with Section 1125 of the Bankruptcy Code and is hereby finally **APPROVED** as containing

adequate information – including but not limited to adequately detailing the risks involved - within the meaning of Section 1125 of the Bankruptcy Code.

  2. **Confirmation of Plan**.  The Amended Plan is hereby **CONFIRMED** pursuant to Section 1129(a) of the Bankruptcy Code, with the modifications which shall become part of the Amended Plan and this Confirmation Order.

    A. **Binding Effect.**  All terms of the Amended Plan as modified by this Order, and all necessary and relevant documents, are effective and binding upon the entry of this Order and the Effective Date.  The failure to reference or discuss any particular provision of the Amended Plan in this Order shall have no effect on the Court's approval and authorization of, or the validity, binding effect and enforceability of such provision and each provision is authorized and approved and shall have the same validity, binding effect, and enforceability as every other provision of the Amended Plan, whether or not mentioned in this Order.

    B. **Burden of Proof**.  The Debtor has met its burden of proving all of the elements of Section 1129(a) of the Bankruptcy Code.

    C. **Effectuating Documents**.  The Reorganized Debtor is authorized to execute, deliver, file or record such contracts, instruments, releases and other agreements or documents and take such actions as may be necessary or appropriate to effectuate, implement and further evidence the terms and conditions of the Amended Plan as modified herein.

    D. **Executory Contracts and Unexpired Leases**.  The purported employment contract with Diplomat and/or Jorge J. Resendiz is hereby rejected.  Pursuant to the Settlement no further claim is necessary.  Except as otherwise provided by this confirmation order or other orders entered regarding the assumption or rejection of executory contracts or unexpired leases, all other contracts not otherwise identified are deemed assumed as

contemplated in Article 7.1 of the Amended Plan including but not limited to the assumption of the *Concession Agreement On-Demand Metered Taxicab & Non-Metered Limousine Service* ("**Concession Agreement**").

E. **Final Fee Applications**. To the extent any professional seeking an award of compensation for services rendered or reimbursement of expenses incurred through and including the date of the Confirmation Hearing in excess of any amounts estimated in any previously filed application, such professional shall file its respective application for allowance of compensation for services rendered and reimbursement of expenses incurred by the date that is twenty-one (21) days from the date of entry of this Confirmation Order.

F. **Jurisdiction and Venue**. This Court has jurisdiction over the Debtor; the Debtor's chapter 11 case; all of the Debtor's property, contracts, and assets, wherever located; all claims against and equity interests in the Debtor; and all holders of claims against and equity interests in the Debtor pursuant to 28 U.S.C. § 1334. Confirmation of the Amended Plan as modified herein and approval of the Disclosure Statement is a "core proceeding" pursuant to, without limitation, 28 U.S.C. § 157(b)(2)(A), (L), and (O), and this Court has jurisdiction to enter a final order with respect to confirmation. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

G. **Modifications.** All modifications announced in open court are hereby approved.

H. **Objections.** All other objections that could have been made to the Amended Plan but were not are hereby overruled in all respects.

I. **Preservation of Causes of Action**. All causes of action and objections to claims not specifically resolved or released through separate order of this Court are to be retained

by the Reorganized Debtor and preserved to the full extent provided in the Amended Plan. The deadline for the Reorganized Debtor to file any objections to claims or initiate any adversary proceedings shall be sixty (60) days from the entry of the Confirmation Order.

        **J.**    **Retention of Jurisdiction**. The Court's retention of jurisdiction as set forth in Article 8 of the Amended Plan comports with the parameters contained in 28 U.S.C. § 157 and is to be interpreted as broadly as possible.

    **3.**    **Objections**. The MPD Objection has been **WITHDRAWN** (Doc. No. 178). The SMAA Objection has been **WITHDRAWN.** The Diplomat Objection has been **WITHDRAWN**.

    **4.**    **SMAA Motion for Relief.** The SMAA Motion for Relief is hereby **DENIED** as moot.

    **5.**    **SMAA Administrative Expense Motions.** SMAA's Administrative Expense Motions are hereby **DENIED** as moot by the assumption of the Concession Agreement as provided in the Plan and payment of the $15,633.96 cure amount. All claims for attorneys' fees and costs by the Debtor and SMAA related to the Airport Litigation - including but not limited to amounts, basis and entitlement - shall be determined and obligation to pay shall be settled by a final judgment or order in said Airport Litigation. This provision is without prejudice to the Debtor's arguments, defenses or objections to the SMAA's attorneys' fees being granted administrative expense status.

    **6.**    **Ballot Motion.** The Ballot Motion is hereby **GRANTED.**

    **7.**    **Cramdown Motion.** The Cramdown Motion has been **WITHDRAWN** in open court.

8. **Objection to Diplomat Claim.**  The Objection to Diplomat Claim is hereby **SUSTAINED IN PART AND OVERRULLED IN PART**.  In accordance with the Settlement, Diplomat shall be entitled to an Allowed Unsecured Claim in the amount of $173,750.00 which is hereby assigned to Trinity.

9. **Motion to Estimate.**  The Motion to Estimate is hereby **DENIED** as moot.

10. **Status Conference**.  The Court will conduct a post confirmation status conference in this chapter 11 case on **May 29, 2019, at 9:30 a.m.**

*Attorney Daniel E. Etlinger is directed to serve a copy of this order on all interested parties who are non-CM/ECF users and to file a proof of service within 3 days of entry of the order.*