UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

                                    Case No. 8:17-bk-07782-MGW

SRQ TAXI MANAGEMENT, LLC

                                    Chapter 11

                Debtor

_____/

### JENNIS LAW FIRM'S AMENDED MOTION TO COMPEL PAYMENT OF ADMINISTRATIVE EXPENSE AND FOR ADJUDICATION AND ENFORCEMENT OF CHARGING LIEN AND FOR ENTRY OF JUDGMENT
*[Consideration at Hearing Scheduled for August 26, 2020 at 10:00 a.m. Requested]*

Jennis Law Firm ("Jennis Law") hereby moves for the entry of an order **(i)** ordering the immediate payment of the full amount of the administrative expense previously awarded and allowed to Jennis Law by final order of this Court (the "Allowed Administrative Claim"), **(ii)** adjudicating and enforcing Jennis Law's charging lien (the "Charging Lien") against any claims, distributions, recovery, proceeds or interests that may be paid distributed, and/or retained by the Debtor SRQ Taxi Management, LLC ("SRQ" or "Debtor") or Trinity Trust Holdings, LLC ("TTH"), as set forth more fully in Jennis Law's *Notice of Charging Lien* (Doc. Nos. 212 and 229)[1] (together the "Notice"), and **(iii)** for the entry of final judgment against SRQ and TTH for the full amounts due as the Allowed Administrative Claim and under the Charging Lien.  In support, Jennis Law states as follows:

### Background

1.    Jennis Law was retained to represent SRQ as a chapter 11 debtor.

2.    On November 5, 2019, Jennis Law filed its *Amended Motion to Withdraw as Counsel for Debtor and Request for Waiver of 14 Day Notice* (Doc. No. 208) ("Motion to Withdraw"), pursuant to Local Rule 2091-2(a).

_____

[1] Jennis Law filed a *Notice of Charging Lien* in the bankruptcy case (Doc. No. 212) and in the adversary proceeding *SRQ Taxi Management, LLC v. Sarasota Manatee Airport Authority*, Case No. 8:18-ap-00013-MGW (Doc. No. 229). Because the issues overlap, this Amended Motion seeks to adjudicate and enforce both Notices in a combined effort.

3.      The Motion to Withdraw was granted by the Court at the hearing held on November

6, 2019 at 9:30 a.m.; and, the *Order Granting Amended Motion to Withdraw as Counsel for Debtor*

*and Request for Waiver of 14 Day Notice* (Doc. No. 210) (the "Withdrawal Order") was entered on

November 12, 2019.

4.      On November 20, 2019, Jennis Law filed the Notice.  The Charging Lien is presently

asserted in the amount of $53,346.09.  Of that amount $23,110.32 represents the unpaid portion of

the Allowed Administrative Claim and $30,235.77 represents amounts due for services rendered

after the Effective Date and in enforcing the Charging Lien which are allowable under Jennis

Law's fee agreement.[2]

5.      Under the terms of the Plan,[3] as provided for in the *Order Finally Approving*

*Disclosure Statement and Confirming Amended Plan of Reorganization of SRQ Taxi Management,*

*LLC* (Doc. No. 188) (the "Confirmation Order"), TTH was to provide an equity cash infusion to

fund distributions under the Plan, which include the amounts owed to Jennis Law for the Allowed

Administrative Claim.   In fact, evidence offered in support of confirmation included the

Declaration of Bart Houston ("Houston"), as manager of the Debtor, Manager of TTH, and Trustee

of Trinity Trust,[4] that TTH was another company ready, willing and able to provide the equity cash

infusion to pay the payments due under the Plan (Doc. No. 140).

6.      Moreover, to the extent that Jennis Law "otherwise agreed" to defer payment of a

portion of its administrative claim beyond the Effective Date, such agreement was based on

specific oral and email representations from Houston that those amounts would be paid.

---

[2] To the extent fees and costs incurred in connection with actions necessary to collect are collectable under the fee agreement between Jennis Law and the Debtor, these amounts will increase.
[3] All capitalized terms shall have the meaning ascribed to them in the Plan and Confirmation Order.
[4] Trinity Trust is the owner of TTH.

7.    As of the date of this Amended Motion, SRQ has not paid Jennis Law the full amounts due as the Allowed Administrative Claim, nor the additional amounts due for services rendered and costs incurred after confirmation, has not provided any assurance that such amounts will be paid, and has, in fact, avoided payment of the fees and costs due for services rendered. TTH has likewise failed to pay all allowed administrative expenses as required under the Plan.

8.    Jennis Law's total Allowed Administrative Claim was $88,110.32 (Doc. Nos. 179 and 197).  The Debtor had insufficient funds to pay Jennis Law's Allowed Administrative Claim in full as of the Effective Date of the Plan as required under Section 1129(a)(9).  As an accommodation to its then client SRQ, Jennis Law agreed to defer payment of $23,110.32 of its allowed administrative expense (the "Remainder") to sixty (60) days from the Effective Date.  The Court's Confirmation Order specifically provides that the Remainder "[s]hall be paid pursuant to the agreement between the Debtor, Jennis Law and Trinity whereby Jennis Law has been paid $65,000 on account of the Jennis Law Claim prior to the Effective Date, with the remainder to be paid on or before 60 days from the Effective Date."

9.    In reliance on SRQ's and TTH's promises to pay the remainder of Jennis Law's Allowed Administrative Claim under the terms as provided in the Confirmation Order, Jennis Law continued to provide services to SRQ after the entry of the Confirmation Order and through the date of the Withdrawal Order.  Those services included communicating with creditors and the U.S. Trustee, addressing post-confirmation administrative matters, continuing the representation to resolve post-confirmation issues with a disgruntled creditor and appearing at multiple post-confirmation status conferences.  As the Debtor and TTH have failed to pay Jennis Law the Remainder or any amounts for its post-confirmation services, Jennis Law now must seek to compel the payment of the Remainder as an allowed administrative expense and both the Remainder and the fees incurred for post-confirmation services through the enforcement of a charging lien.

**10.** Charging liens are not recognized by statute but rather exist in the common law. *See In re MacNeal*, 393 B.R. 805, 811 (Bankr. S.D. Fla. 2008).

**11.** "Florida law requires three elements for creating a valid charging lien: (1) an express or implied contract between attorney and client; (2) an express or implied understanding for payment of attorney's fees out of the recovery; and (3) either an avoidance of payment or a dispute as to the amount of fees." *Id.*; *see also In re Washington*, 242 F.3d 1320, 1323 (11th Cir. 2001).

**12.** A charging lien is an acceptable method of securing payment of a fee to a withdrawing attorney. *Kiriakidis v. Kiriakidis*, 855 So.2d 208, 211 (Fla. 4th DCA 2003).

**13.** This Court has jurisdiction to adjudicate and enforce the Charging Lien. See *In re Ralph Lauren Womenswear, Inc.*, 204 B.R. 364, 372-73 (Bankr. S.D.N.Y. 1997) (bankruptcy court had jurisdiction to enforce charging lien); *In re LaRosa*, 449 B.R. 258, 262 (Bankr. W.D. Va. 2011). The Court's jurisdiction to enforce the Charging Lien could include **(i)** the entry of an order compelling the payment of the Remainder by SRQ and TTH as an administrative expense, **(ii)** conditioning any administrative closing of this chapter 11 case on the payment of all amounts due to satisfy the Charging Lien, **(iii)** the enforcement of the Charging Lien on the assets of the Debtor and TTH, including, without limitation, any recovery or settlement by SRQ and TTH claims in connection with the Sarasota Manatee Airport Authority, the imposition and enforcement of the Charging Lien on TTH's interest in SRQ and **(iv)** the entry of a final recordable, and enforceable judgment against TTH and SRQ for the full Remainder and all amounts due under the Charging Lien, all for which execution should issue. Pursuant to 28 U.S.C. Section 152(b)(1), this Court may enter appropriate orders and judgments in the bankruptcy case and adversary proceeding that are enforceable through execution, garnishment or other collection method, subject only to appeal under 28 U.S.C. Section 158.

14.     All of the elements to a perfected and valid charging lien are met.  SRQ and TTH by virtue of its agreement with Jennis Law had an express or implied contract, they had an express or implied understanding for payment of attorneys' fees and costs and SRQ has not paid Jennis Law the amounts due for the services performed.

15.     The Court has allowed Jennis Law to withdraw from representation.  Jennis Law has served and filed its notice of the Charging Lien.  Jennis Law has notified SRQ and its managers of its intent to pursue the Charging Lien.  *See Baker & Hostetler, LLP v. Swearingen*, 998 So.2d 1158, 1162 (Fla. 5th DCA 2008).

16.     Jennis Law performed significant and beneficial services to SRQ during the course of its representation at the direction of the Debtor, its manager(s).

17.     Accordingly, the Court can and should enter **(i)** an order compelling payment of the Remainder as an administrative expense, **(ii)** adjudicate the additional amounts due and enforce the Charging Lien as requested, and **(iii)** enter a judgment against SRQ and TTH for all amounts the Court determined are due and payable as ordered.[5]

**WHEREFORE**, Jennis Law respectfully requests that the Court enter an order: **(i)** ordering the immediate payment of the Remainder; **(ii)** determining the amount secured by the Charging Lien; **(iii)** enforcing the Charging Lien until Jennis Law has been paid; and, **(iv)** granting all further relief as the Court deems appropriate.

Dated this 29th day of July, 2020.

/s/ David S. Jennis
David S. Jennis
Florida Bar No. 775940
Daniel E. Etlinger
Florida Bar No. 77420
**JENNIS LAW FIRM**

---

[5] The Remainder has been allowed by final orders of the Court, and no additional determination as to the amount or reasonableness of these fees and costs is required.

606 E. Madison Street
Tampa, FL 33602
Telephone: (813) 229-2800
E-Mail:    djennis@jennislaw.com
            detlinger@jennislaw.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF electronic service and/or U.S. Mail to: **United States Trustee**, 501 E. Polk Street, Suite 1200, Tampa, FL 33602; the **SRQ Taxi Management, LLC,** c/o Bart Houston, Manager, 1301 East Broward Boulevard, Suite 100, Fort Lauderdale, FL 33301; **Trinity Trust Holdings, LLC**, c/o Bart Houston, Manager, 1301 East Broward Boulevard, Suite 100, Fort Lauderdale, FL 33301; **Trinity Trust**, c/o Bart Houston, Trustee, 1301 East Broward Boulevard, Suite 100, Fort Lauderdale, FL 33301 and to those parties receiving notice via CM/ECF in the ordinary course of business on this 29th day of July, 2002.

*/s/ David S. Jennis*
David S. Jennis